## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**GABRIEL BUSH**
Reg #12972-003                                                                                    **PLAINTIFF**

V.                               CASE NO. 2:20-CV-54-LPR-BD

USA                                                                                                **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Mr. Bush may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.    Discussion**

Plaintiff Gabriel Bush was an inmate in the Forrest City Low Federal Correctional Institution (FCCI) at the time he filed this civil rights lawsuit on March 13, 2020. (Doc. No. 1)

According to allegations in his complaint, FCCI correction officers made unwelcome sexual comments and contact with Mr. Bush. When he reported the misconduct, the officers conspired with inmates to make it appear that he was in possession of a cell phone. As relief, Mr. Bush asked the Court to dismiss any criminal charges that might be filed against him for improper possession of a cell-phone. (Doc. No. 1)

When Mr. Bush filed his complaint, he did not include a filing fee or an application to proceed *in forma pauperis* (IFP). He was ordered to address the filing fee requirement within 30 days of March 27, 2020.

In a subsequent motion to dismiss filed on April 4, Mr. Bush stated that he did not intend to file this as a civil case; "[i]nstead it is a criminal matter." He again asked the Court to preemptively dismiss expected criminal charges regarding the cell phone. (Doc. No. 4)

In an April 17 Order, the Court denied the motion to dismiss unfiled criminal charges and ordered Mr. Bush to file an amended complaint within 30 days if he wanted to pursue civil claims against the officers. (Doc. No. 5) The Court also gave Mr. Bush 30 days from April 17 to address the filing fee.

On May 15, Mr. Bush requested additional time to file an amended complaint. At that time the prison law library was unavailable to inmates due to the COVID-19 pandemic. Therefore, the Court ordered Mr. Bush to file his amended complaint and to

2

address the filing fee issue within 14 days after inmates once again had library access. (Doc. No. 7) Mr. Bush has not communicated with the Court since filing his May 15, 2020 motion for an extension of time.

On March 11, the Court ordered Mr. Bush to file either an application to proceed IFP or a $400 filing fee within 14 days if he intended to pursue this lawsuit. (Doc. No. 8) The Order was returned to the Court as undeliverable with a notation that Mr. Bush was no longer at FCCI. (Doc. No. 9) Under the Local Rules, plaintiffs who are not represented by counsel must keep the Court informed as to their current addresses. Local Rule 5.5.

The time for complying with the March 11, 2021 Order has now passed. Mr. Bush has failed to comply with the requirement that the Court stay informed of his current address and he has failed to pay the filing fee within the time allowed.

### III. Conclusion

The Court recommends that Mr. Bush's claims be DISMISSED, without prejudice, based on his failure to comply with the Court's March 11, 2021 Order.

DATED, this 31st day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE